# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | |
| | ) | I.D. No. 1102006786 |
| | ) | |
| KYLE BYERS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW TO WIT,** this 11th day of October 2019, upon consideration of Defendant's Motion for Reduction/Modification of Sentence, the sentence imposed upon Defendant, and the record in this case, it appears to the Court:

1.     On January 20, 2012, at age eighteen, Defendant was sentenced for his first felony conviction following a home invasion that occurred in October of 2010. He accepted a plea offer and was sentenced for the offenses of Robbery First Degree, Possession of a Firearm During the Commission of a Felony (PFDCF), and Conspiracy Second Degree. Although there have been several corrections made to his sentence through his sentencing judge, the Honorable John A. Parkins, the most corrected sentence reflects that for the offense of Robbery First Degree, he received twenty years of Level V, suspended after five years, followed by probation to include six months at Level IV, and eighteen months at Level III. He received a sentence of

1

five years at Level V for the firearm charge. For the Conspiracy Second offense, he received a suspended two years of Level V for one year at Level II. In sum, he received ten years of incarceration followed by transitioning levels of probation.

2. Defendant has made numerous requests to J. Parkins to reduce or modify his Level V sentence.[1] Superior Court Criminal Rule 35(b) provides that "[t]he court *will not* consider repetitive requests for reduction of sentence."[2] Unlike the 90-day jurisdictional limit with its "extraordinary circumstances" exception, the bar to repetitive motions has no exception. Instead, this bar is absolute and flatly "prohibits repetitive requests for reduction of sentence."[3] J. Parkins denied his requests in 2012, 2014 and 2015.[4]

3. In the instant motion, Defendant does not seek to reduce his Level V time. Instead, he seeks to modify his eighteen months of Level III to six months.

---

[1] Defendant's Request for the Court to Add TASC to Sentence, *State v. Byers*, Crim. ID No. 1102006786, D.I. 40 (Del. Super. July 03, 2012); Defendant's Memorandum in Support for a Motion for Sentence Reduction/Modification, *State v. Byers*, Crim. ID No. 1102006786, D.I. 42 (Del. Super. July 10, 2013); Defendant's Motion for Correction of Sentence, *State v. Byers*, Crim. ID No. 1102006786, D.I. 43 (Del. Super. Aug. 25, 2014); Defendant's Motion for Modification of Sentence, *State v. Byers*, Crim. ID No. 1102006786, D.I. 45 (Del. Super. July 02, 2015).

[2] Super Ct. Crim. R. 35(b) (emphasis added).

[3] *Thomas v. State*, 2002 WL 31681804, at *1 (Del. 2002). *See also Jenkins v. State*, 2008 WL 2721536, at *1 (Del. 2008) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 2004 WL 716773, at *2 (Del. 2004) (defendant's "motion was repetitive, which also precluded its consideration by the Superior Court.").

[4] Order Denying Defendant's Motion for Reduction/ Modification of Sentence, *State v. Byers*, Crim. ID No. 1102006786, D.I. 41 (Del. Super. July 13, 2012); Letter Denying Defendant's Motion for Reduction/ Modification of Sentence, *State v. Byers*, Crim. ID No. 1102006786, D.I. 44 (Del. Super. Sep. 19, 2014); Order Denying Defendant's Motion for Reduction/ Modification of Sentence, *State v. Byers*, Crim. ID No. 1102006786, D.I. 46 (Del. Super. Aug. 6, 2015).

Under Superior Court Criminal Rule 35(b), "[t]he Court may . . . reduce the . . . term or conditions of partial confinement or probation, at any time."[5] Defendant is not time-barred because he does not seek to modify or reduce his Level V sentence, but rather requests a reduction of his probation. Defendant provides several reasons for his request. He indicates he was only eighteen years old at the time of the offense and has benefitted from educational opportunities while incarcerated. He participated in programming that has allowed him to "learn from his mistakes and prepare him for his future."[6] He also states that he has received an offer of employment and that a lengthy probation may affect his opportunity to work.

5. Before sentenced in 2012, Defendant indicated to the Investigative Services Office, in his presentence investigation, that he intended to obtain his G.E.D, complete the Key Program, and learn a trade. He accomplished his goals.

6. The Court acknowledges and commends Defendant for his good behavior and taking the initiative to improve his life while in prison by completing many programs and obtaining his G.E.D and completing the Key Program. The Court also congratulates him on his employment opportunity, if it works out.

7. Although it is possible that a lengthy period of probation will affect his transition back to the community and his employment, the probationary period of

---

[5] *Id.*
[6] Defendant's Motion at 3.

eighteen months is common for community supervision to ensure a Defendant transitions smoothly from prison. Thus, *at this time*, modification of probation is not appropriate. Defendant remains incarcerated and needs to complete the Level IV portion of his sentence before the Court will consider reducing his Level III.

8. However, if Defendant is able to successfully complete his six months of Level IV, the Court asks that the probation officer submit a progress report, if deemed appropriate, to reduce a portion of the eighteen-month period of Level III probation. In addition, if Defendant is employed—and his job is hindered by any portion of the remaining probation—the Court requests that his probation officer submit a request to modify the probationary term to allow him to work on a lower level of probation.

**IT IS SO ORDERED** that Defendant's Motion for Reduction/Modification of Sentence is **GRANTED, in part, DENIED, in part.**

_____
**Judge Vivian L. Medinilla**

oc:    Prothonotary
cc:    Defendant
Department of Justice
Investigative Services

4